**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LARRY SHELTON GREENE JR., <br> Appellant, | DOCKET NUMBER <br> SF-0752-22-0365-B-2 |
| v. | |
| DEPARTMENT OF THE ARMY, <br> Agency. | DATE: May 29, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Larry Shelton Greene Jr., Elk Grove, California, pro se.

Anne Elizabeth Tower and Charmaine E. Betty-Singleton, Esquire, Rancho Cordova, California, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for failure to meet a condition of employment. On petition for review, the appellant reargues that the certification at issue was not a required condition of his position, argues that the testimony provided by some witnesses was inaccurate or untruthful, and asserts that the administrative judge erred in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

concluding that the appellant failed to establish his whistleblower retaliation and race discrimination affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) ("*Carr* factors"), we AFFIRM the initial decision.

In denying the appellant's whistleblower retaliation affirmative defense, the administrative judge determined the following: the appellant established that he was perceived as a whistleblower and made protected whistleblowing disclosures in connection with his complaints about dysfunction within the Communications Security (COMSEC) office and his former first-line supervisor's misuse of another employee's credentials; the appellant established that his disclosures were a contributing factor in the agency's decision to remove him; but the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of his protected disclosures based on the *Carr* factors. Remand Appeal File (RAF), Tab 28, Remand Initial Decision (RID) at 11, 19, 28-31. In analyzing the third *Carr* factor, which considers any evidence that the agency takes similar actions against similarly situated non-

whistleblowers, the administrative judge determined that the two identified potential comparator employees were distinguishable from the appellant because one of the employees passed the certification exam on a third attempt after paying for it at his own expense and therefore eventually met the condition of employment, and the other employee was reassigned to another position that did not require the certification. RID at 30-31. Accordingly, it appears that the administrative judge determined that neither employee was a valid comparator for *Carr* factor three purposes. In doing so, however, he did not explain whether this factor favored the agency or the appellant. RID at 30-31.

The U.S Court of Appeals for the Federal Circuit has found that the third *Carr* factor cannot favor the Government when the Board finds an absence of relevant comparator evidence. *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018); *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374-75 (Fed. Cir. 2012) (noting that, because the agency bears the burden of proving that it would have taken the same action in the absence of the appellant's protected activity, "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," and the failure to produce such evidence if it exists "may be at the agency's peril"); *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 36 (observing that in the complete absence of evidence that similarly situated non-whistleblower comparators exist, *Carr* factor 3 is effectively removed from consideration and is neutral). For the reasons set forth in the initial decision, we agree with the administrative judge's finding that neither employee was a valid comparator, but we modify the initial decision to clarify that the absence of evidence on *Carr* factor 3 does not favor the agency but is instead a neutral factor and is effectively removed from consideration.

Reweighing the *Carr* factors in light of this finding, we still conclude that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his protected activity. Addressing the second *Carr*

factor, which concerns the existence and strength of any motive to retaliate on the part of the agency officials, the administrative judge determined that any retaliatory motive was limited, based on the fact that the appellant's former first-line supervisor (the official most directly implicated in the appellant's disclosures) was not involved in the removal decision and no longer served as the appellant's supervisor at the time of his removal, and that the deciding official had limited general knowledge of the appellant's disclosures and limited interactions with the appellant because the appellant had transferred to a different office by the time of his removal. RID at 10, 29. The administrative judge nevertheless concluded that some potential professional retaliatory motive existed based on the appellant's consistent complaints about the COMSEC office and so the second *Carr* factor modestly favored the appellant, with which we agree. RID at 29-30; *see Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016) (explaining that the second *Carr* factor should be evaluated "more generally" because the factor is directed at agency officials involved in making the decision, not just at the employee's direct supervisor); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 15 (cautioning against an overly restrictive view of *Carr* factor 2 that does not fully consider whether a "professional retaliatory motive" can be imputed on agency officials when the protected disclosure or activity implicates agency officials or employees in general).

We also agree with the administrative judge's finding that, given that the missing certification was a required condition of the appellant's position without which he could not have privileged network access to the agency's secure systems, the agency's evidence supporting the removal decision was very strong and the first *Carr* factor favors the agency. RID at 29. Finally, because none of the potential comparators are sufficiently similar to the appellant, the third *Carr* factor cannot favor the agency and is essentially removed from consideration and is neutral. *Karnes*, 2023 MSPB 12, ¶ 36. We conclude that the lack of clear

evidence regarding the third *Carr* factor as well as any marginal potential motive to retaliate related to the second *Carr* factor, are outweighed by the overwhelming strength of the evidence supporting the agency's reasons for removing the appellant based on the essential nature of the required certification to his job duties, and so the agency met its burden of proving by clear and convincing evidence that it still would have removed the appellant in the absence of his protected disclosures. Consequently, we deny the petition for review and affirm the initial decision as modified herein.

### NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.